UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEVI GARNER,

             Plaintiff,

    v.

SEDRO-WOOLLEY SCHOOL
DISTRICT No. 101,

             Defendant.

CASE NO. 2:26-cv-01358-JNW

ORDER DENYING PLAINTIFF'S
MOTION FOR A TEMPORARY
RESTRAINING ORDER

This matter comes before the Court on Plaintiff Levi Garner's motion for a temporary restraining order and request for a preliminary-injunction schedule. *See* Dkt. No. 5. Garner asks the Court to enjoin Defendant Sedro-Woolley School District No. 101 ("District") from enforcing a 15-day suspension of "N.G.," a minor.

The Court does not reach the merits of the motion because a threshold problem precludes review. Pursuant to 28 U.S.C. § 1654, a party may plead their "own case[ ]" or be represented "by counsel," but they cannot bring a lawsuit on another person's behalf. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a non-lawyer "has no authority to appear as an attorney for others than himself"). In the caption of his complaint, Garner names

ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER - 1

himself "individually" as a plaintiff in this case, but also as "next friend for N.G.," his son. Dkt. No. 1-1. Later in the complaint, he identifies N.G. as a plaintiff. But "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1179 (9th Cir. 2024); *see Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (even a parent appointed as guardian ad litem to their children may not sue without retaining a lawyer).

The Ninth Circuit recently acknowledged that the rule barring parents from representing their minor children is rigid and brings up questions about a child's access to justice, but it remains the law in this circuit. *Grizzell*, 110 F.4th at 1179. This is because, it "goes without saying[,] that it is not in the interests of minors or incompetents that they be represented by non-attorneys." *Johns,* 114 F.3d at 876.

The TRO claims brought by Garner are entirely on behalf of N.G. None of the claims in the TRO are brought in his own name. Accordingly, Garner's motion, Dkt. No. 5, is DENIED without prejudice.

Dated this 27th day of April, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER - 2